IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00824-RM-MJW

BIG O TIRES, LLC, a Nevada limited liability company,

Plaintiff(s),

v.

BLACK TOAD ENTERPRISES, LLC, an Arizona limited liability company,
DANIEL E. GROMAN,
KELLE C. GROMAN,
JAMES R. GROMAN, and
CECILIA GROMAN,

Defendant(s).

---

**RECOMMENDATION THAT A DEFAULT AND A DEFAULT JUDGMENT BE ENTERED AGAINST DEFENDANT BLACK TOAD ENTERPRISES, LLC**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Order Referring Case entered by Judge Raymond P. Moore on March 21, 2014 (Docket No. 4).

During a hearing on June 9, 2014, this court granted a motion to withdraw (Docket No. 37) as counsel for defendant Black Toad Enterprises, LLC, and two of the individual defendants, Daniel E. Groman and Kelle C. Groman.  (See Docket No. 43, Courtroom Minutes/Minute Order).  All of the individual defendants[1] were reminded at

---

[1] The court notes that Bankruptcy proceedings have been filed by all four individual defendants: James R. Groman and Cecilia P. Groman - Case No. 14-BK-21005 RK, Central District of California, Los Angeles, California (Docket No. 42); Daniel E. Groman and Kelle C. Groman, Case No. 14-BK-8035 BKM, District of Arizona,

2

that time that Black Toad Enterprises, LLC, cannot appear before this court without counsel in accordance with D.C.COLO.LCivR 83.3 D and current case law. Defendant Black Toad Enterprises, LLC, was directed to retain counsel who is admitted to this bar or be subject to default judgment. (Docket No. 43 at 2).

Following that hearing, this court issued a written Order to Show Cause (Docket No. 44) directing defendant Black Toad Enterprises, LLC, to forthwith retain counsel and setting a Show Cause Hearing on July 8, 2014, at 11:00 a.m. at which defendant Black Toad Enterprises, LLC, was directed to show cause why a default and a default judgment should not be entered against it based upon its lack of counsel in this case.

Counsel, however, did not appear on behalf of defendant Black Toad Enterprises, LLC, at the July 8 Show Cause hearing, nor has counsel entered an appearance on its behalf. "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 556 (10th Cir. 2001) (citing Flora Constr. Co. v. Fireman's Fund Ins. Co., 307 F.2d 413, 414 (10th Cir. 1962)). See Tal v. Hogan, 453 F.3d 1244, 1254 & n.8 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court.") (citing cases in footnote); Martin v. Directors of Guild of Am., 2006 WL 1351650, *2 (D. Colo. May 16, 2006) ("It is well established that LLCs must be represented by counsel in order to proceed before this court.") (citing Roscoe v. United

---

Phoenix, Arizona (Docket No. 36). This civil action has thus been stayed as to the individual defendants only. (See Docket No. 43, Courtroom Minutes/Minute Order of June 9, 2014, proceeding).

3

States, 134 Fed. Appx. 226 (10th Cir. Apr. 29, 2005) (LLC cannot proceed pro se)).

Rule 16(f) of the Federal Rules of Civil Procedure provides in pertinent part that "[o]n motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference . . . . or (C) fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f). Rule 37(b)(2)(A) (ii)-(vii), which is referenced in Rule 16(f), permits the following sanctions:

> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) **rendering a default judgment against the disobedient party**; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A) (ii)-(vii) (emphasis added). Here, defendant Black Toad Enterprises, LLC, failed to appear through counsel at the July 8 Show Cause Hearing and failed to obey this court's order directing it to retain counsel.

Based upon the foregoing, it is hereby

**RECOMMENDED** that the Clerk enter a default and a default judgment be entered against defendant Black Toad Enterprises, LLC.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2),**

4

**the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case.  A party may respond to another party's objections within fourteen (14) days after being served with a copy.  The District Judge need not consider frivolous, conclusive, or general objections.  A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions.  Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**


Dated:   July 8, 2014                    s/ Michael J. Watanabe
         Denver, Colorado                Michael J. Watanabe
                                         United States Magistrate Judge