IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Raymond P. Moore**

Civil Action No. 14-cv-00824-RM-MJW

BIG O TIRES, LLC, a Nevada limited liability company,

    Plaintiff,

v.

BLACK TOAD ENTERPRISES, LCC, an Arizona limited liability company,
DANIEL E. GROMAN,
KELLE C. GROMAN,
JAMES R. GROMAN, and
CECILIA GROMAN,

    Defendants.

---

## ORDER

---

This matter is before the Court on the July 8, 2014 Recommendation of United States Magistrate Judge Michael J. Watanabe (the "Recommendation") (ECF No. 47). The Recommendation advised the parties that specific written objections were due within fourteen days after being served with a copy of the Recommendation. (*Id*. at 3-4.) Despite this advisement, no objections to the Recommendation have to date been filed. This Court has reviewed the Recommendation under the applicable *de novo* standard of Fed.R.Civ.P. 72(b).

Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal citation omitted). "[A] party is not

entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, n, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). "As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, L.L.C.*, 253 F.3d 552, 556 (10th Cir. 2001); *see also Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 92 (10th Cir. 2011) ("[A] corporation cannot appear pro se.").

The Recommendation advises that both default and default judgment should enter against Defendants. Despite Judge Watanabe's reminder that Black Toad Enterprises, LLC ("Black Toad") cannot appear before this court without counsel and directing Defendants to retain counsel (ECF No. 43 at 2), counsel has not entered an appearance. Judge Watanabe issued a written Order to Show Cause (ECF No. 44) directing Black Toad to retain counsel but no counsel appeared on behalf of Black Toad at the July 8, 2014 hearing on that order. Based on the foregoing and a *de novo* review, this Court agrees with the Magistrate Judge that entry of default and default judgment is appropriate. Accordingly, the Court ORDERS as follows:

(1) The Magistrate Judge's Recommendation (ECF No. 47) is ADOPTED in its entirety;

(2) The Clerk of the Court is directed to enter a default;

(3) Default judgment shall be entered against Defendant Black Toad Enterprises, LLC.

DATED this 17th day of September, 2014.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge