## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 14-cv-00824-RM-MJW

BIG O TIRES, LLC, a Nevada limited liability company,

     Plaintiff,

v.

BLACK TOAD ENTERPRISES, LCC, an Arizona limited liability company,
DANIEL E. GROMAN,
KELLE C. GROMAN,
JAMES R. GROMAN, and
CECILIA GROMAN,

     Defendants.

---

### ORDER

---

This matter is before the Court on Plaintiff's Motion to Quantify Default Judgment (the "Motion") (ECF No. 56). The Court has already entered an Order in this case directing the Clerk of the Court to enter default judgment against Black Toad Enterprises, LLC ("Black Toad"), and default judgment has been entered (ECF Nos. 49, 50, 51). No amount of default judgment was entered. The Motion was filed by Plaintiff Big O Tires, LLC ("Big O") "in order to provide the Court with the proper amount to be entered by default judgment against Black Toad." (ECF No. 53 at 3.) To date, no response has been filed to the Motion, and Black Toad has made no other attempts to object to the ruling or to Big O's calculations of what they should recover.

Default judgment may enter against a party who fails to appear or otherwise defend a lawsuit. Fed. R. Civ. P. 55. "[D]efault judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party. In that instance, the diligent party must be protected lest he be faced with interminable delay and

continued uncertainty as to his rights. The default judgment remedy serves as such a protection." *In re Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991) (internal citation omitted). "[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the sound judicial discretion of the court." *Greenwich Ins. Co. v. Daniel Law Firm*, No. 07-cv-2445, n, at *2 (D. Colo. Mar. 22, 2008) (internal citation omitted). Once the Court is satisfied that default judgment should be entered, it has the discretion to hold a hearing to determine the amount of damages. *See* Fed. R. Civ. Pro. 55(b)(2). Generally, a damages hearing is not needed when the damages requested are for a sum certain. *See United States v. Craighead*, 176 F. App'x 922, 925 (10th Cir. 2006).

Big O filed a Declaration by the Vice President of Financial Operations of Big O (the "Declaration") declaring that Big O incurred the following damages: $200,130.46 in amounts due as royalties and accounts receivables pursuant to the Agreement; $5000 in damages for failure to retain the Big O Manual and other proprietary information; $782.78 in damages for costs to Big O to remove all Big O trade dress and related material at the premises. (ECF No. 56-1 at 3.) The Court finds that Big O has supplied adequate proof of its damages for a sum certain through the Declaration and other evidence and default judgment shall be entered for the sum certain damages in the amount of $200,130.46.

Big O has also requested pre-judgment interest and has provided the Court with specific and calculated pre-judgment interest amounts with supporting authority. Big O's request for pre-judgment interest is allowed and will be awarded based on the $101.55 per diem rate calculated in the Motion, for a total amount of $29,347.95. (*See* ECF No. 57 at 2 (calculating "$23,559.60 in prejudgment interest pursuant to the Franchise Agreement through September 26, 2014," and

"[p]er diem interest of $5,788.35 from September 26, 2014 through November 24, 2014 (57 days at $101.55 a day)); ECF No. 56-1 at 3 (calculating original prejudgment interest figure).)

Big O also seeks attorney fees in the amount of $17, 083.00 as of September 26, 2014, and costs in the amount of $2093.29 as of the same date.  (ECF No. 56-5 at 1.)  Those same figures were maintained as of the most recent status update (ECF No. 57).  The Court has reviewed the submitted documentation on the hours and rates underlying the request for attorney fees, and finds the rates charged (a maximum of $300 per hour) and the number of hours expended reasonable.  Thus, the Court finds that Big O is entitled to recover the full amount of attorney fees requested.  The costs are also reasonable and will also be awarded.

Based on the foregoing, the Court ORDERS as follows:

1. Plaintiff Big O Tires, LLC is entitled to $200,130.46 in amounts due and owing pursuant to the Franchise Agreement;

2. Plaintiff is entitled to $5000 in damages for failure to return the Big O Manual and $782.78 in costs to remove the Big O signage;

3. Plaintiff is entitled to prejudgment interest of $29,347.95;

4. Plaintiff is entitled to costs and fees of $19,176.29;

5. Default judgment shall be entered against Defendant Black Toad Enterprises, LLC. in the amount of $254,437.48 plus post-judgment interest.

DATED this 21st day of November, 2014.

BY THE COURT;

RAYMOND P. MOORE
United States District Judge

3