**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 14-cv-00824-RM-MJW

BIG O TIRES, LLC, a Nevada limited liability company,

    Plaintiff,

v.

BLACK TOAD ENTERPRISES, LCC, an Arizona limited liability company,
DANIEL E. GROMAN,
KELLE C. GROMAN,
JAMES R. GROMAN, and
CECILIA GROMAN,

    Defendants.

---

**ORDER**

---

    This matter is before the Court on United States Magistrate Judge Michael J. Watanabe's Recommendation ("Recommendation") (ECF No. 65). Magistrate Judge Watanabe recommended that the Court administratively close the case pursuant to Local Rule 41.2 subject to reopening for good cause. (ECF No. 65 at 1.)

    For the reasons stated below, the Court ADOPTS the Recommendation and DIRECTS the Clerk of the Court to ADMINISTRATIVELY CLOSE the matter.

I.      **LEGAL STANDARDS**

    A.      **Review of the Magistrate Judge's Report and Recommendation**

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to."  In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."  Fed. R. Civ. P. 72(b)(3).  An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute."  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).  In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate."  *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

    B.      *Pro Se* **Status**

Daniel Groman, Kelle Groman, James Groman, and Cecilia Groman (collectively, "Individual Defendants") are proceeding *pro se*.  The Court, therefore, reviews their pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Trackwell v. United States Gov't*, 472 F.3d 1242, 1243 (10th Cir. 2007) (citation omitted).  A *pro se* litigant's conclusory allegations without supporting factual averments are insufficient to state a claim upon

which relief can be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A court may not assume that a plaintiff can prove facts that have not been alleged or that a defendant has violated laws in ways that a plaintiff has not alleged. *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983); *see Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (stating a court may not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf) (citation omitted); *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating a court may not construct arguments or theories for the plaintiff in the absence of any discussion of those issues) (citations omitted). Individual Defendants' *pro se* statuses do not entitle them to application of different rules of civil procedure. *See Hall*, 935 F.2d at 1110; *Wells v. Krebs*, Case No. 10 CV 00023, 2010 WL 3521777, at *2 (D. Colo. Sept. 1, 2010) (citation omitted).

**II.     FACTUAL AND PROCEDURAL BACKGROUND**

No party objects to the Magistrate Judge's recitation of the factual and procedural predicates to the Magistrate Judge's Recommendation. (ECF No. 65 at 1.)

**III.    ANALYSIS**

The Court has reviewed the Recommendation and the docket. Because no party filed a timely and specific objection to the Recommendation and the Court finds no clear error in the Magistrate Judge's analysis, the Court adopts the Recommendation in its entirety. Plaintiff has consented to the administrative closure of the matter. (ECF No. 64.)

**IV.     CONCLUSION**

Based on the foregoing, the Court:

(1)     ADOPTS the Recommendation (ECF No. 65), *to wit*, the Court DIRECTS the Clerk of the Court to ADMINISTRATIVELY CLOSE this matter, pursuant to Local Rule 41.2, subject to reopening for good cause.

DATED this 9th day of February, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge